Filed 6/27/25  Brown v. Simplified Labor Staffing Solutions CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DENISE BROWN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SIMPLIFIED LABOR STAFFING SOLUTIONS, INC.,<br><br>Defendant and Appellant. | B339521<br><br>(Los Angeles County Super. Ct. No. 23STCV02619) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Reversed and remanded.

Jackson Lewis, Frank C. Olah, Jesse H. Edelman, and Dylan B. Carp for Defendant and Appellant.

Reisner and King, Adam Jason Reisner; Pletcher Law and Andrew S. Pletcher for Plaintiff and Respondent.

———————————————

Pursuant to Code of Civil Procedure[1] section 1291.98, the trial court granted plaintiff Denise Brown's motion to withdraw her claims from arbitration and to proceed on those claims in court, based on findings that defendant Simplified Labor Staffing Solutions, Inc. (Simplified) failed to pay arbitration fees within 30 days after they were due. Simplified appeals from the order, contending, among other things, that the procedural provisions of the California Arbitration Act (§ 1280 et seq.; CAA), including section 1281.98, do not apply here because the parties' arbitration agreement is governed by the substantive and procedural provisions of the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA). We agree with Simplified and reverse the order.

## BACKGROUND

### A.     Brown's Employment With Simplified

Brown is a former employee of Simplified, a temporary staffing services company with offices in California, Washington, Georgia, and New Jersey. At all times relevant to this action, Simplified supplied labor and staffing to customers located in and outside of California.

On September 15, 2017, around the time Simplified hired Brown and placed her with one of its customers, Brown signed the first of two arbitration agreements she would sign during her employment with Simplified. Later, in 2020, Simplified provided its employees with a written notice, explaining that it had "adopted and implemented a new arbitration policy" that would "govern any existing and all future disputes" between Simplified

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

and its employees.  Simplified referred to the new policy as "MAP," short for "Mutual Arbitration Policy."  The three-page notice about MAP informed employees, among other things:

"The MAP shall be governed solely by the Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, *et seq*.  If for any reason the FAA is deemed inapplicable, only then will the MAP be governed by the applicable state arbitration statutes.  The Employment Arbitration Rules of the American Arbitration Association ('AAA') in place at the time of the dispute will govern the procedures to be used in arbitration, unless you and [Simplified] agree otherwise in writing. . . ."  The notice also states that an arbitrator or a court "may sever any part of the MAP that does not comport with the Federal Arbitration Act."

On January 24, 2020, Brown signed a one-page "Employee Agreement to Arbitrate" (hereafter, the Agreement), acknowledging she had received and reviewed a copy of the MAP and understood that the MAP was a condition of her employment.  The Agreement, like the written notice explaining the new arbitration policy, states that the arbitration "will be conducted under the Federal Arbitration Act and the applicable rules of the American Arbitration Association ('AAA')."  Neither the notice nor the Agreement references the CAA or states generally that California law will govern the arbitration.[2]

---

[2] The earlier 2017 arbitration agreement, which provided that arbitration would be conducted "pursuant to the provisions of" the FAA, and be administered pursuant to AAA's rules, included a provision stating, "The terms of this Agreement shall be governed by the laws of the State of California," and a provision stating the parties could use California discovery procedures.

**B. Brown's Complaint and Simplified's Petition to Compel Arbitration**

In February 2023, Brown filed this action against Simplified, asserting sex discrimination under the California Fair Employment and Housing Act and other related employment causes of action. According to the allegations of the complaint, Brown's employment with Simplified terminated around May 25, 2022.

In response to the complaint, Simplified filed a petition to compel arbitration based on the MAP and the Agreement. On June 8, 2023, the trial court granted the petition and stayed the action pending arbitration. In its written ruling, the court noted, the "Agreement indicates that it will be solely governed by the Federal Arbitration Act, and the arbitration will be subject to the rules of the American Arbitration Association (AAA)." Under a heading in the ruling titled "Governing Law," the court stated, "The Agreement is governed by the FAA because the Agreement provides that it is to be governed by the FAA, and [Simplified] has indicated that it conducts business within interstate commerce."

**C. Brown's Motion to Withdraw From Arbitration and Proceed in Court**

In March 2024, around eight months after the trial court ordered this matter to arbitration, Brown filed a motion to withdraw her claims from arbitration and proceed with this action in court. She argued she was entitled to make this election under section 1281.98 of the CAA because Simplified failed to pay

arbitration fees within 30 days after they were due.[3]  She also sought monetary sanctions for the asserted breach under section 1281.99.

Simplified opposed the motion, arguing section 1281.98 is inapplicable because the "FAA expressly controls this arbitration and therefore the CAA does not apply."  Simplified also indicated, even if the CAA applies, section 1281.98 remains inapplicable because the FAA preempts it.  On the merits of the dispute, Simplified challenged Brown's assertions that its payments were late, maintaining (1) that Brown extended the deadline for Simplified to pay a December 6, 2023, $750 invoice from AAA, and Simplified paid it on January 16, 2024, one day before the new deadline; and (2) that a January 2, 2024 invoice from AAA for $6,250 was superseded by a February 1, 2024 invoice in the same amount, and Simplified timely paid it on February 6.  In

---

[3] Section 1281.98, subdivision (a)(1), provides, "In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach."  In that case, the employee may elect to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction."  (§ 1281.98, subd. (b)(1).)  The term " '[d]rafting party,' " as used in the CAA, includes "the company or business that included a predispute arbitration provision in a contract with a consumer or employee." (§ 1280, subd. (e).)

her reply brief, Brown challenged Simplified's assertion that its payments of arbitration fees were timely, but she did not respond to Simplified's arguments that section 1281.98 is inapplicable because the arbitration was governed by the FAA and not the CAA, or that the FAA preempts section 1281.98.

At a hearing on Brown's motion, Simplified only made arguments regarding the timeliness of its payment of arbitration fees. There was no discussion of the other arguments it made in its opposition. After hearing oral argument, the trial court took the matter under submission and later granted Brown's motion to withdraw from the arbitration, lifting the stay of the court action, and sanctioning Simplified and its counsel jointly and severally in the amount of $17,406.25.

As reflected in its order, the court concluded Simplified was in material breach of the Agreement, within the meaning of section 1281.98, based on the court's findings that Simplified paid the $750 and $6,250 invoices more than 30 days after they were due. The court further concluded, the "FAA in no way excuses the application of Code of Civil Procedure section 1281.97,[4] et seq. under the facts of the subject action." In support of this conclusion, the court cited *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 629-630 (*Gallo*), a case in which the parties expressly incorporated the CAA in their arbitration agreement,

---

[4] Section 1281.97 is similar to section 1281.98, but applies when the drafting party fails to make payments required to *initiate* the arbitration rather than to *continue* the arbitration. This appeal concerns the applicability of section 1281.98, however, case law concerning the applicability of section 1281.97 is equally persuasive on the issue before us.

6

and the Court of Appeal rejected the employer's argument that the FAA preempted sections 1281.97, 1281.98, and 1281.99.

In its order, the court did not squarely address Simplified's argument that the CAA is inapplicable under the terms of the MAP and the Agreement—the issue we decide here.

## DISCUSSION

Simplified contends the trial court erred in granting Brown's motion to withdraw from the arbitration because section 1281.98 does not apply, as the parties agreed the arbitration would be governed not only by the FAA's substantive provisions, but also by the FAA's procedural provisions. For the following reasons, we agree.

Section 1281.98 is a procedural provision of the CAA. (See *Suarez v. Superior Court* (2024) 99 Cal.App.5th 32, 42 [characterizing section 1281.97 as a procedural provision of the CAA]; *Gallo*, *supra*, 81 Cal.App.5th at pp. 641-642 [same].) By default, where an arbitration agreement does not specify otherwise, the procedural provisions of the CAA apply in California state court proceedings. (*Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 785-786.)

An arbitration agreement governed by the FAA's *substantive* provisions is not necessarily governed by the FAA's *procedural* provisions in an action filed in a California state court. For example, where the substantive provisions of the FAA apply because the state court action involves interstate commerce, the CAA's procedural provisions apply unless the arbitration agreement "contains a choice-of-law clause expressly incorporating" the FAA's procedural provisions. (*Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 173-174 (*Valencia*).)

7

In this appeal, Brown does not dispute the Agreement is governed by the FAA's substantive provisions. Nor does she dispute that *if* the parties adopted the FAA's procedural provisions, then the CAA's procedural rules, including section 1281.98, do not apply. But she disagrees with Simplified's contention that the parties adopted the FAA's procedural provisions.

In determining what procedural law applies, in the absence of conflicting extrinsic evidence, we independently review the arbitration agreement. (*Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1117 (*Rodriguez*).) "[W]e examine the language of the contract to determine whether the parties intended to apply the FAA to the exclusion of California procedural law." (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 383 (*Cronus*).) " ' " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. . . . If contractual language is clear and explicit, it governs.' " ' " (*Valencia, supra,* 185 Cal.App.4th at p. 177.)

As a threshold matter, we address Brown's assertion, made for the first time tangentially in a footnote in her respondent's brief, and later as a central point of her oral argument, that the 2017 arbitration agreement was never "explicitly superseded," so we must consider it in combination with the MAP and the Agreement in determining whether the FAA's or CAA's procedural law governs the arbitration. As discussed above, in 2020, Simplified notified its employees that it had "adopted and implemented a new arbitration policy," the MAP, that would "govern any existing and all future disputes" between Simplified and its employees. Thereafter, Brown signed the Agreement,

8

expressly stating she understood that any arbitration between her and Simplified would be governed by the MAP. Based on this clear language in the MAP and the Agreement, Brown's argument that the parties intended that the 2017 arbitration agreement would continue to govern their disputes is unpersuasive. We turn to our interpretation of the choice-of-law provisions in the MAP and the Agreement.

The MAP states it "shall be *solely* governed" by the FAA, and only if "the FAA is deemed inapplicable," will it be "governed by the applicable state arbitration statutes." (Italics added.) The MAP further provides that AAA's Employment Arbitration Rules "will govern the procedures to be used in arbitration, unless you and [Simplified] agree otherwise in writing." Finally, the MAP states that an arbitrator or a court "may sever any part of the MAP that does not comport with the Federal Arbitration Act." The agreement Brown signed, which makes clear that the MAP was a condition of her employment, reiterates that the arbitration "will be conducted under the Federal Arbitration Act and the applicable rules of the American Arbitration Association ('AAA')." Neither the MAP nor the Agreement references the CAA or states generally that California law will govern the arbitration.

By its plain language, the MAP evinces the parties' intent to apply the *entirety* of the FAA, both its substantive and procedural provisions, to the arbitration. It is not clear how the use of the word "solely" could be interpreted otherwise. We must give effect to the parties' clear intent and conclude the FAA's procedural provisions are applicable here. Under the express terms of the MAP, because the FAA's procedural provisions are applicable, the CAA's procedural provisions are not (as stated in

9

the MAP, "If for any reason the FAA is deemed inapplicable, only then will the MAP be governed by the applicable state arbitration statutes").

The changes Simplified made to its arbitration policy when it adopted the MAP inform our conclusion that the MAP and the Agreement expressly incorporate the FAA's procedural provisions. Simplified eliminated language from the 2017 arbitration agreement stating, "The terms of this Agreement shall be governed by the laws of the State of California," and the parties may use California discovery procedures. (Cf. *Cronus*, *supra*, 35 Cal.4th at pp. 384, 387, 394 [in an action where the FAA's substantive provisions applied because the action involved interstate commerce, the FAA's procedural provisions did *not* apply where the arbitration agreement stated (1) that it was to " 'be construed and enforced in accordance with and governed by the laws of the State of California,' " and (2) that this choice-of-law provision was not to " 'be deemed an election to preclude application of the [FAA], if it would be applicable' "].) Moreover, Simplified added the word "solely" to define the scope of the FAA's applicability. (Cf. *Rodriguez*, *supra*, 136 Cal.App.4th at p. 1122 ["Plainly, the language of the contract requires the parties to arbitrate 'in conformance to' and 'agreement with' the FAA. There is *no* other contract provision suggesting the parties intended to incorporate California arbitration law, nor is there any language suggesting the parties intended to arbitrate 'in conformance to' some provisions of the FAA but not others. The phrase 'pursuant to the FAA' is broad and unconditional . . . ."].) Here, the parties "adopted the FAA—all of it—to govern their arbitration." (*Ibid.*)

10

Brown argues the parties' agreement to conduct the arbitration under AAA's procedural rules means they did *not* agree to adopt the FAA's procedural provisions; and therefore, the CAA's procedural rules, including section 1281.98, apply here by default. Brown provides no authority for her suggestion that the FAA's procedural provisions are wholly inapplicable where the parties incorporate the rules of the arbitral body into their arbitration agreement. Taking her argument to its logical conclusion, if the AAA's procedural rules apply to the exclusion of all other procedural rules, then the CAA's procedural provisions, including section 1281.98, do not apply here either. In other words, if the express adoption of the AAA's procedural rules means the parties did not agree to adopt the FAA's procedural provisions, then it also means the parties did not agree to adopt the CAA's procedural provisions.

Because we conclude sections 1281.98 and 1281.99 are inapplicable to this action under the express terms of the MAP and the Agreement, we reverse the trial court's order granting Brown's motion to withdraw from the arbitration, lifting the stay of the court action, and imposing monetary sanctions on Simplified and its counsel.[5]

---

[5] Given our conclusion on this issue, we need not reach Simplified's remaining contentions regarding federal preemption and the merits of the parties' dispute concerning payment of arbitration fees.

11

## DISPOSITION

The order is reversed, and the matter is remanded for further proceedings consistent with this opinion.  Simplified is entitled to recover costs on appeal.

NOT TO BE PUBLISHED


                                                    M. KIM, J.


We concur:



            ROTHSCHILD, P. J.



            BENDIX, J.


12